# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BEST PRICE AUTO SALVAGE, LLC. an Oklahoma limited liability company, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. CIV-21-1148-C |
| vs. | ) ) ) | |
| BEST VALUE AUTO SALVAGE, LLC. an Oklahoma limited liability company, | ) ) ) | |
| Defendant. | ) | |

## TEMPORARY RESTRAINING ORDER

Before the Court is Plaintiff Best Price Auto Salvage, LLC's ("Best Price") Motion for Temporary Restraining Order and Preliminary Injunction. Defendant was served via its registered agent and by service at its principal place of business. Although the time to respond has passed, Defendant has neither responded or sought additional time to respond. Accordingly, the Court accepts the well supported factual allegations in Plaintiff's Motion.

Plaintiff is an auto salvage company in the business of salvaging, selling, and distributing new and used parts for imported and domestic automobiles. Plaintiff was formed in December 2007. Plaintiff operated its business at 300 S. May Ave., Oklahoma City, OK from January 2008 to October 2020. Since October 2020, Plaintiff has operated its business at 1109 S. May Ave., Oklahoma City, OK. In January 2008, Plaintiff began using in commerce the BEST PRICE AUTO SALVAGE mark in relation with the operation of its auto salvage business. Plaintiff has invested substantial time, effort, and

1

01/07/22

expense in advertising and promoting its products and services provided under the BEST PRICE AUTO SALVAGE mark throughout the State of Oklahoma and the remainder of the United States. As a result, the BEST PRICE AUTO SALVAGE mark constitutes a valuable asset belonging solely and exclusively to Plaintiff.

On July 17, 2020, Plaintiff filed a federal trademark application in International Classes 035 and 039 for the BEST PRICE AUTO SALVAGE, U.S. Serial Number 90/059775.  Plaintiff applied for the BEST PRICE AUTO SALVAGE on a 1(A) actual-use base in both classes, specifying that the mark was in use in commerce at least as early as January 1, 2008.  The BEST PRICE AUTO SALVAGE mark was registered in International Classes 035 and 039 in the United States Patent and Trademark Office ("USPTO") on the Principal Register on April 13, 2021, Reg. No. 6,318,806.  The BEST PRICE AUTO SALVAGE mark was registered on the principal trademark register following a Section 2(f) claim of acquired distinctiveness submitted during prosecution of that mark.

Defendant, Best Value Auto Salvage, LLC ("Best Value") has been in operation since January 2021 as a company seemingly in the automobile salvage business.  In March 2021, Defendant purchased the property located at 300 S. May Ave., Oklahoma City, OK 73108, at which Plaintiff previously operated its auto salvage business.  In August 2021, Defendant adopted and began using the name BEST VALUE AUTO SALVAGE in association with its operation as an automobile salvage business at the 300 S. May Ave. location.  In October 2021, Defendant discontinued use of signage bearing the BEST VALUE AUTO SALVAGE mark but resumed such use in November 2021.  Defendant is

using the BEST VALUE AUTO SALVAGE mark to promote, market, and sell products and services under the BEST PRICE AUTO SALVAGE mark.

Defendant has ignored and/or disregarded Plaintiff's prior demands, including those contained in a letter sent July 22, 2021, that Defendant cease and desist from using the BEST VALUE AUTO SALVAGE mark.  Defendant's use of the BEST VALUE AUTO SALVAGE mark has already created actual confusion in the marketplace. There have been multiple instances in which customers have intended to visit Plaintiff's current location but been confused and ended up at Defendant's location.  Mail addressed to Defendant has been delivered to Plaintiff's current location at 1109 S. May Ave.   Defendant does not have any registered trademark associated with it.

## **ANALYSIS**

As noted above, Plaintiff has federal rights in the BEST PRICE AUTO SALVAGE mark based on its federal registration and its continuous use of the BEST PRICE AUTO SALVAGE mark in Oklahoma and throughout the United States in connection with its automobile salvage business.  Defendant's unauthorized use of BEST VALUE AUTO SALVAGE to promote, advertise, market, offer for sale, and/or sell their goods and services has caused and is likely to cause confusion, mistake, and deception of the public as to the identity and origin of Defendant's goods and services, or as to a connection or affiliation with Plaintiff, or permission from Plaintiff, that does not exist, causing irreparable harm to Best Price for which there is no adequate remedy at law.

Despite actual and constructive knowledge of Plaintiff's ownership and prior use of the BEST PRICE AUTO SALVAGE mark, Defendant has continued to use the BEST

VALUE AUTO SALVAGE mark without Plaintiff's authorization or consent, Defendant's actions are deliberate and willful and have been done with the intention of trading upon the valuable goodwill built by Best Price in its BEST PRICE AUTO SALVAGE mark.

Plaintiff has no control over the quality of the goods provided by Defendant in association with BEST VALUE AUTO SALVAGE. Because of the likelihood of confusion as to the source of Defendant's goods and services, Plaintiff's valuable goodwill in the BEST PRICE AUTO SALVAGE mark is at the mercy of Defendant's unauthorized use of the confusingly similar use of BEST VALUE AUTO SALVAGE. Defendant's products and services provided in association with the BEST VALUE AUTO SALVAGE mark, or at least intended to be provided in association with the same, are closely related to, if not identical to, the products and services offered by Plaintiff in association with the BEST PRICE AUTO SALVAGE mark. The BEST PRICE AUTO SALVAGE mark and the BEST VALUE AUTO SALVAGE mark are highly similar in appearance, sound, meaning and overall commercial impression. Specifically, both marks consist of the words "best," "auto," and "salvage."

Defendant has been aware, since prior to the acts complained of herein, of the goodwill represented and symbolized by the BEST PRICE AUTO SALVAGE mark and of the public recognition and reliance upon the BEST PRICE AUTO SALVAGE mark as identifying the goods and services of Plaintiff, and as distinguishing Plaintiff's goods and services from those of others. Notwithstanding such knowledge, Defendant has intentionally and/or recklessly encroached upon the BEST PRICE AUTO SALVAGE mark by adopting the BEST VALUE AUTO SALVAGE mark, by the using the BEST

VALUE AUTO SALVAGE mark in its advertising signage, and doing so at a location formerly belonging to Plaintiff, with the intent to trade upon the goodwill associated with the BEST PRICE AUTO SALVAGE mark, and to confuse and mislead the public into believing that Defendant's goods and services originate or emanate from or are affiliated with Plaintiff, and/or that those goods are sponsored or approved by Plaintiff.

Defendant's use of the BEST VALUE AUTO SALVAGE mark is likely to create confusion in the marketplace among purchasers and prospective purchasers of Plaintiff's goods and services. Plaintiff has been damaged and is likely to be further damaged by Defendant's wrongful use of the BEST VALUE AUTO SALVAGE mark, in that the relevant purchasing public has been and is likely to continue to be induced into purchasing Defendant's goods or employing Defendant's services on the mistaken belief that those goods and services originate or emanate from or are somehow endorsed, sponsored, or approved by Plaintiff, which they are not.  Defendant's conduct as described herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public. Plaintiff Price has no adequate remedy at law.  Accordingly, the Court finds Plaintiff is entitled to, among other relief, injunctive relief in the form of a temporary restraining order.

For the reasons set forth herein, Plaintiff Best Price Auto Salvage, LLC's Motion for Temporary Restraining Order (Dkt. No. 4) is GRANTED.  A Temporary Restraining Order will be issued.

IT IS SO ORDERED this 7th day of January, 2022.

ROBIN J. CAUTHRON
United States District Judge