# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BEST PRICE AUTO SALVAGE, LLC. an Oklahoma limited liability company, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. CIV-21-1148-C |
| vs. | ) ) ) | |
| BEST VALUE AUTO SALVAGE, LLC. an Oklahoma limited liability company, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

On January 11, 2022, the Court held a hearing on Plaintiff's request for Preliminary Injunction, following the earlier issuance of a Temporary Restraining Order (Dkt. No. 8). Plaintiff, Best Price Auto Salvage ("BPAS"), appeared through counsel. Mahommed Jewel appeared on behalf of Defendant. After hearing the argument of each, and considering the evidence presented, the Court announced that a preliminary injunction would issue. This Order memorializes that ruling.

At the outset, the Court must address Mr. Jewel's attempt to speak on behalf of Defendant Best Value Auto Salvage, LLC ("BVAS"). As the Court explained to Mr. Jewel at the hearing, non-lawyers cannot represent corporate entities. See Harrison v. Wahatoyas, L.L.C., 253 F.3d 552, 556 (10th Cir. 2001) ("As a general matter, a corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing pro se.") (citation omitted). Thus, if Defendant intends

to defend this matter, it must retain counsel authorized to practice before this Court. The Court permitted Mr. Jewel to speak on behalf of Defendant at the hearing in the interest of efficiency and with the consent of Plaintiff's counsel. However, going forward, Defendant must be represented by counsel.

As noted above, the Court issued a Temporary Restraining Order ("TRO") on January 7, 2022. That Order made certain factual and legal findings. The argument and evidence presented at the hearing supported those findings and they will not be repeated here but will be briefly referenced to provide context. Rather, the Court will amplify the legal reasoning leading to the determination that a preliminary injunction should issue.

Plaintiff is an auto salvage company in the business of salvaging, selling, and distributing new and used parts for imported and domestic automobiles. Plaintiff has been in business since December 2007 and operated that business at two locations in the Oklahoma City area. While operating its business, Plaintiff has consistently used the mark, BEST PRICE AUTO SALVAGE, which it registered in April 2021. Defendant, Best Value Auto Salvage, LLC ("Best Value"), has been in operation since January 2021 as a company in the automobile salvage business. In March 2021, Defendant purchased the property located at 300 South May Avenue, Oklahoma City, OK 73108, at which Plaintiff previously operated its auto salvage business. In August 2021, Defendant adopted and began using the name BEST VALUE AUTO SALVAGE in association with its operation as an automobile salvage business at the 300 S. May Ave. location. Defendant does not have any registered trademark associated with its name.

## ANALYSIS

"Claims of trademark infringement require a party to establish that it has a legal right to a mark and that the defendant's use of a similar mark is likely to generate consumer confusion in the marketplace." Affliction Holdings, LLC v. Utah Vap or Smoke, LLC, 935 F.3d 1112, 1114 (10th Cir. 2019) (footnote and citation omitted). Here, there is no dispute that Plaintiff owns a valid trademark. Thus, the issue for resolution is whether there is a likelihood of confusion. In considering this issue the Court considers the following six factors:

> (1) the degree of similarity between the marks; (2) the intent of the alleged infringer in adopting its mark; (3) evidence of actual confusion; (4) similarity of products and manner of marketing; (5) the degree of care likely to be exercised by purchasers; and (6) the strength or weakness of the marks.

Sally Beauty Co., Inc. v. Beautyco, Inc., 304 F.3d 964, 972 (10th Cir. 2002). Of these factors, the degree of similarity is the most important, but no one factor can be dispositive. See Hornady Mfg. Co., Inc. v. Doubletap, Inc., 746 F.3d 995, 1001 (10th Cir. 2014). The degree of similarity between marks is measured "on three levels: sight, sound, and meaning." King of the Mountain Sports, Inc. v. Chrysler Corp., 185 F.3d 1084, 1090 (10th Cir. 1999) (citations omitted). Similarities between two marks is given more weight than differences. Id. When considering the degree of similarity, the Court does not "engage in a side-by-side comparison. Rather, the court must determine whether the alleged infringing mark will be confusing to the public when singly presented. We give the similarities of the marks more weight than the differences." Id. (internal quotation marks and citations omitted).

Here, when the mark Best Value Auto Salvage is considered, the Court finds there is a likelihood of confusion.  First, the sight, sound, and meaning of this mark is very similar to Plaintiff's mark.  A consumer can, and has been, easily confused by the similarities in the marks.  There are substantial similarities between the marks.

At the hearing, Defendant presented documents from various Oklahoma state entities which granted Defendant a license to operate.  Defendant also argued to the Court that the two names are different.  Defendant asserted that these factors should cause the Court to rule in its favor.  As set forth herein, the fact that the names are slightly different is insufficient.  The question is whether a consumer could be confused by the similarities.  As noted, Plaintiff has demonstrated actual confusion.  As for the licensing documents, those documents are immaterial in determining whether Defendant's mark infringes on Plaintiff's mark.

The next factor, Defendant's intent, is neutral.  Plaintiff concedes in its Motion that it has no evidence that Defendant chose its mark with the intent of copying Plaintiff's mark.

Evidence of actual confusion is often the best evidence in determining likelihood of confusion.  See John Allan Co. v. Craig Allen Co. L.L.C., 540 F.3d 1133, 1140 (10th Cir. 2008).  Plaintiff notes that in the short time that Defendant has been open, it is aware of numerous instances of consumers being confused.  In support of its position, Plaintiff has provided affidavits of customers explaining their confusion.  These affidavits are probative evidence of actual confusion.  Id. at 1141.  Thus, this factor weighs in favor of finding likelihood of confusion.

"'The greater the similarity between the products and services, the greater the likelihood of confusion.'" Universal Money Centers, Inc. v. Am. Tel. & Tel. Co., 22 F.3d 1527, 1532 (10th Cir. 1994) (quoting Exxon Corp. v. Texas Motor Exch., 628 F.2d 500, 505 (5th Cir. 1980)). Here, the parties are in the same business and sell essentially the same product. The Tenth Circuit has held "[c]onfusing similarity is most likely when the products themselves are very similar." Beer Nuts, Inc. v. Clover Club Foods Co., 711 F.2d 934, 941 (10th Cir. 1983). Thus, they compete in the same geographic and product market for customers and supplies. See Sally Beauty, 304 F.3d at 974. This factor weighs in favor of Plaintiff.

If a customer of either Plaintiff or Defendant is likely to exercise a great degree of care in choosing a particular product, the likelihood of confusion is reduced. See Hornady, 746 F.3d at 1006. Here, there is no direct evidence to support a conclusion either way on this factor. Thus, it is neutral.

Finally, the Court considers the strength or weakness of the marks. Plaintiff argues that its years in business give strength to its mark. Plaintiff notes that it has a significant business history and that consumers are attached to its mark. However, Plaintiff offers no evidence demonstrating consumers are attached to its mark. The Court finds this factor is neutral.

After considering the above factors, the Court finds the evidence weighs heavily in favor of finding a likelihood of confusion between the two marks. This finding, coupled with the fact that there is no dispute regarding Plaintiff's legal right to the mark, demonstrate that Plaintiff is likely to succeed on the merits on its claim. Plaintiff directs

the Court to 15 U.S.C. § 1116(a), which provides a rebuttable presumption of irreparable harm where a violation of the trademark law has been demonstrated. The Court finds the remaining factors of issuing a preliminary injunction are in Plaintiff's favor. Plaintiff has posted the bond required in the TRO and the Court finds no additional security is warranted.

As set forth more fully herein, Defendant is a corporate entity and as such can only be represented before the Court by an attorney. Therefore, Defendant shall retain counsel who shall file an entry of appearance not later than February 18, 2022, or face entry of Default Judgment. Defendant, through counsel, shall also file an Answer or other appropriate pleading not later than February 18, 2022, or face entry of Default Judgment. As noted herein, Plaintiff is entitled to a Preliminary Injunction and one will be issued.

IT IS SO ORDERED this 18th day of January 2022.

*/s/ Robin J. Cauthron*
ROBIN J. CAUTHRON
United States District Judge